UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| DENISE HOPE WHITE, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos.: 3:13-CR-71-TAV-HBG |
| | ) | 3:15-CV-502-TAV |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

The Petitioner Denise Hope White used her personal residence to store multiple kilogram quantities of cocaine and drug proceeds as part of a drug trafficking conspiracy. She also possessed a firearm in her residence to protect her drugs and drug proceeds. White pleaded guilty, pursuant to a written plea agreement, wherein she agreed that she was responsible for at least fifty kilograms of cocaine [Doc. 90, Plea Agreement at ¶ 3(c)].[1] White also agreed that she would be subject to a two-level firearms enhancement and a two-level money-laundering enhancement [Doc. 90 at ¶ 3(d)(f)].

Following the Government's Motion for Downward Departure, this Court sentenced White to a below-guidelines sentence of 98 months' imprisonment [Doc. 282]. White did not appeal, but filed this § 2255 motion [Doc. 309], which she supplemented over a year later [Doc. 340].

---

[1] All citations to the record are found on the docket of case no. 3:13-CR-71-TAV-HBG.

The Government filed a response in opposition [Doc. 311] to the first motion and to the supplement [Doc. 358]. The Petitioner filed a Reply [Doc. 359].

**I.     The § 2255 Motion**

To obtain relief pursuant to 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). She "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998). White presents one claim of ineffective assistance of counsel in her § 2255 motion: that counsel failed to object to the two-level firearms enhancement [Doc. 309]. She argues that the weapon was not connected to the offense. For the reasons that follow, this claim does not warrant relief.

A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987); *see also*, *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). First, the petitioner must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *Id.*, as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have

2

provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound . . . strategy") (internal citation omitted).

Second, the petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285-86 (2000). If a petitioner fails to prove that he sustained prejudice, the Court need not decide whether counsel's performance was deficient. *See United States v. Hynes*, 467 F.3d 951, 970 (6th Cir. 2006) (holding that alleged "flaws" in trial counsel's representation did not warrant new trial where the claims, even if true, did not demonstrate that the jury would have reached a different conclusion).

Petitioner has the burden to establish that she is entitled to relief. *See Bevil v. United States*, No. 2:06-CR-52, 2010 WL 3239276, at *3 (Aug. 16, 2010) (recognizing that "burden of proving ineffective assistance of counsel is on the petitioner"); *see also Douglas v. United States*, No. 2:05-cr-07, 2009 WL 2043882 at *3 (E.D. Tenn. July 2, 2009) (stating

that "[w]hen a defendant files a § 2255 motion, he must set forth facts which entitle him to relief").

It appears, as the Government argues, that White had no legitimate basis to object to the enhancement at sentencing, because she had specifically admitted, as part of her guilty plea, that the firearms enhancement would apply [Doc. 90, Plea Agreement at ¶ 3(f)]. It is well-settled that "[c]ounsel could not be constitutionally ineffective for failing to raise. . . meritless arguments." *Mapes v. Coyle*, 171 F.3d 408, 427 (6th Cir. 1999). White's counsel was not deficient.

Moreover, the Court finds that the enhancement was properly applied, so White was not prejudiced by the absence of an objection to it. The Sentencing Guidelines provide that "[t]he enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. . . [and] should be applied if [a] weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, comment. N.3. The government bears the initial burden to demonstrate, by a preponderance of the evidence, that a defendant actually or constructively possessed a firearm. *United States v. Hough*, 276 F.3d 884, 894 (6th Cir. 2002).

In this case, a loaded firearm was found in the same room of White's residence as approximately 1.5 kilograms of cocaine and $40,785 cash. This evidence created a presumption that White possessed the firearm during the commission of her drug trafficking offense. Petitioner has not shown that it was "clearly improbable" that the weapon was related to that offense. See, *e.g.*, *United States v. Sierra-Villegas*, 774 F.3d

1093, 1102 (6th Cir. 2014) (affirming the enhancement for a defendant whose bedroom contained firearms, ammunition, marijuana, and over $2,000 cash); *United States v. Howard*, 570 F. App'x 478, 482-83 (6th Cir. 2014) (affirming the enhancement where two loaded firearms were found in the same house as cocaine and drug proceeds, though the defendant claimed he only used the firearms for "home defense"). Thus, because the two-level firearms enhancement was properly applied by the Court, Petitioner was not prejudiced by her counsel's not objecting. Her ineffective-assistance-of-counsel claim is therefore without merit.

## II. The Supplemental Motion

Seventeen months after filing her § 2255 motion, White filed an "amended claim," or supplemental motion to the § 2255 motion [Doc. 340]. This filing includes an additional allegation of ineffectiveness. Specifically, White claims that counsel had a conflict of interest, in that he allegedly failed to accurately advise petitioner of her potential sentencing exposure until after "all of [his] fees were paid." *Id.* at 3.

### A. The claim is time barred

A one-year period of limitation applies to § 2255 motions and typically runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1); *accord Dodd v. United States*, 545 U.S. 353, 357 (2005). In this case, White's judgment [Doc. 282] became final in December 2014, but she did not file her supplemental § 2255 motion until May 2017. The Court agrees with the government that it is untimely under 28 U.S.C. § 2255(f)(1).

It is well-settled that a motion to amend or supplement a § 2255 motion "will be denied where it is filed after [the limitation] period expires unless the proposed amendment related back to the date of the original pleading within the meaning of [Federal] Rule [of Civil Procedure] 15(c)(2)." *Howard v. United States*, 533 F.3d 472, 475-76 (6th Cir. 2008). The burden rests on petitioner to show that the claim in her supplemental motion "relates back" to the initial § 2255 motion she timely filed, and she has not carried the burden here.

An amendment may "relate back" to the date of the initial pleading if the proposed claim "arose out of the conduct, transaction, or occurrence" set forth in the original pleading. Fed. R. Civ.P. 15(c)(2). The Supreme Court has interpreted that to mean that the new claim must be based on the "same core facts" in a timely-filed petition. A late-filed claim is unreviewable if it turns upon "events separate in 'both time and type' from the originally raised episodes." *Mayle v. Felix*, 545 U.S. 644, 657 (2004). Without the requirement of a "common core of operative facts, the "limitation period would have slim significance." *Id.* at 662. It is insufficient if the new claim merely arises from the same trial, conviction, or sentence. *Id.*; see also *id.* at 657 (explaining that any other rule would mean that "virtually any new claim. . . [would] relate back, for federal habeas claims, by their very nature, challenge the constitutionality of a conviction or sentence"); *Wiedrauk v. Lavigne*, 174 F. App'x 993, 100-02 (6th Cir. 2006) (deeming claims time-barred and unreviewable because they did not "share a factual basis with any [timely-filed] claims."); *Oleson v. United States*, 27 F. App'x 566, 571 (6th Cir. 2001) (holding that an "entirely new" argument cannot "escape the AEDPA statute of limitations," and that any such

proposed amendment if "futile"); see also *United States v. Gonzalez*, 592 F.3d 675, 680 (5th Cir. 2009) ("New claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims simply because they violate the same constitutional provision.").

Petitioner's initial § 2255 motion faulted counsel for not objecting to a guidelines enhancement for firearm possession. White's supplemental motion accuses counsel of having provided misadvice until he was paid [Doc. 340]. That claim plainly does not relate back to the first. Accordingly, White's May 2017 supplemental motion must be denied.

## B. The time barred claim also is meritless

Even if White's supplemental claim were not time barred, it is without merit. To demonstrate a conflict of interest, a petitioner must prove an actual conflict. *United States v. Rahal*, 191 F.3d 642, 645 (6th Cir. 1999); *Moore v. Mitchell*, 708 F.3d 760, 777 (6th Cir. 2013); *accord Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980) ("the possibility of conflict is insufficient to impugn a criminal conviction"). Petitioner must make "a factual showing of inconsistent interests and must demonstrate that the attorney made a choice between possible alternative courses of action, such as eliciting (or failing to elicit) evidence helpful to one client but harmful to the other. If he did not make such a choice, the conflict remained hypothetical. . . . There is no violation where the conflict is irrelevant or merely hypothetical." *Thomas v. Foltz*, 818 F.2d 476, 481 (6th Cir. 1987) (emphasis added; internal quotation marks and citation omitted). Prejudice may not be presumed unless "the defendant demonstrates that counsel "actively represented conflicting interests' and that

7

'an actual conflict of interest adversely affected his lawyer's performance.'" *Strickland*, 466 U.S. at 692 (quoting *Cuyler* 446 U.S. at 348, 350).

White alleges that her retained counsel misadvised her about her likely sentence until he received full payment [Doc. 340 at pg. 3 (claiming that counsel promised a probationary sentence "until all of the fees were paid," then told her of the "ten year sentence").) The Court, however, agrees with the government that White has shown no actual conflict between counsel's interest in representing her and his interest in being paid for doing so. Moreover, White concedes that counsel did advise her of the "ten year sentence." Finally, the Court certainly did advise White of the applicable penalty range during her guilty plea colloquy. This claim is without merit.

### III. Conclusion

The Court finds that because the claims presented in the Motion [Doc. 309] and the Supplemental Motion [Doc. 340] lack merit, Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255. A hearing is therefore unnecessary in this case.

Moreover, the Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. And because petitioner has not made a substantial showing of the denial of a constitutional right and jurists of reason would not find debatable any procedural conclusions made herein, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), a certificate of appealability **SHALL NOT ISSUE.** 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

A separate Judgment will enter **DENYING** the Petitioner's Motion and the supplement to it [Doc. 309, 340].

**IT IS SO ORDERED**.

            s/ Thomas A. Varlan
            CHIEF UNITED STATES DISTRICT JUDGE